```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

_____

SCOTT GOLDEN,

        Plaintiff,        Civil No. 14-1468 (NLH/KMW)

v.

                              **OPINION**

RAND BEERS, et al.,

        Defendants.
_____

**APPEARANCES:**

Audwin F. Levasseur, Esquire
The Law Offices of Harbatkin
   & Levasseur, P.A.
616 E. Palisade Ave.
Suite 102
Englewood Cliffs, New Jersey 07024

    *Counsel for Plaintiff*

Michael E. Campion, Assistant U.S. Attorney
Office of the US Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102

    *Counsel for Defendants*

**HILLMAN, District Judge:**

    On March 7, 2014, Plaintiff Scott Golden filed a two-count complaint alleging breach of contract, one pursuant to New Jersey state law and one pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129 (hereafter,

"NFIA"), against Defendants Rand Beers[1] and the Federal Emergency Management Agency (hereafter, "FEMA").  Presently before the Court is Defendants' motion [Doc. No. 8] seeking to dismiss both claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiff failed to submit a proof of loss in connection with his insurance claim.  Defendants alternatively move for summary judgment pursuant to Federal Rule of Civil Procedure 56 because Plaintiff's property did not "flood" as defined by the insurance policy.  Plaintiff did not file a response to the motion.[2]  The

---

[1] Defendants note that Rand Beers was previously the Secretary of the Department of Homeland Security, but has since been replaced by Jeh Johnson. (Br. in Supp. of Def.'s Mot. to Dismiss or, in the alternative, for Summ. J. 1 n.1.)  Defendants contend, and the Court agrees, that Mr. Johnson, in his official capacity, should be substituted as the proper defendant pursuant to Federal Rule of Civil Procedure 25(d), and the caption of this matter shall be amended to reflect this substitution.

[2] The Court is concerned by Plaintiff's failure to respond to the pending dispositive motion.  Counsel for Plaintiff, Audwin Levasseur, Esquire of Harbatkin & Levasseur, P.A., and Scott G. Hunziker, Esquire, of the Texas law firm The Voss Law Center, have brought more than 250 actions in New Jersey courts against insurers to recover for alleged property damage caused by Hurricane Sandy.  Lighthouse Point Marina & Yacht Club, LLC v. Int'l. Marine Underwriters, Civ. No. 14-2974, 2015 WL 170556, at *1 (D.N.J. Jan. 13, 2015).  Plaintiff's counsel has failed to participate in litigating many of the cases they filed, which has resulted in dismissal of several cases, and counsel has also been sanctioned under Federal Rule of Civil Procedure 11 by at least one court in this district.  See, e.g., id. at *4 (noting that "it is evident that Plaintiff's attorneys are not prosecuting their cases with diligence" and imposing Rule 11 sanctions based upon "Plaintiff's counsel's apathy when faced with a motion to dismiss, indifference to the Court's Order to

Court has considered Defendants' submission and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied, and their alternative motion for summary judgment will be granted.

I.  **JURISDICTION**

Pursuant to 42 U.S.C. § 4072, a "claimant, within one year after the date of mailing of notice of disallowance or partial

---

Show Cause, noncompliance with earlier orders of this Court, disregard for this district's Hurricane Sandy Case Management Order, negligence in pursuing their client's claim, apparent lack of investigation before and after filing, issuance of a settlement demand with no factual relation to the case, stonewalling of their adversary's attempts to investigate, along with the apparent baselessness and potential fraudulence of the claim, and the continuing pattern of neglect before other judges in this district[.]"); Osenko v. New Jersey Re-Ins. Co., Civ. A. No. 13-7548, 2014 WL 7476241, at *1, 3  (D.N.J. Dec. 22, 2014) (adopting Report and Recommendation that case be dismissed with prejudice, where Plaintiff's counsel "essentially failed to take any steps towards advancing this matter to trial" after filing complaint, including failing to respond to Order to Show Cause which warned of possible dismissal of action); Fandel v. Narragansett Bay Ins. Co., Civ. A. Nos. 14-373, 14-382, 14-431, 2014 WL 6888536, at *1, 4 (D.N.J. Dec. 3, 2014) (adopting Report and Recommendation that cases be dismissed with prejudice for failure to prosecute where Plaintiff's counsel failed to produce discovery in accordance with court orders and failed to respond to motions to dismiss); Truglia v. Selective Ins. Co., Civ. A. No. 13-7531, 2014 WL 5587978, at *1,  (D.N.J. Oct. 31, 2014) (adopting Report and Recommendation that case be dismissed with prejudice where Plaintiff's counsel failed to comply with court orders or otherwise prosecute case).  Plaintiff's counsel also failed to respond to a motion to dismiss in a separate matter pending before this Court.  Linblad v. Nationwide Mut. Ins. Co., No. Civ. 14-908, 2014 WL 6895775, at *1 (D.N.J. Dec. 4, 2014).

3

disallowance by the Administrator, may institute an action against the Administrator [of FEMA] . . . in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy." The Court notes that while Defendants challenge the Court's subject matter jurisdiction, the Court finds that it has jurisdiction under 42 U.S.C. § 4072 as discussed below.

II.     **BACKGROUND**

This suit concerns the adjustment of an insurance claim under a policy placed through the National Flood Insurance Program ("NFIP"). (Compl. ¶ 6.) As the Third Circuit has explained, the NFIP is "a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ('FEMA') pursuant to the NFIA and its corresponding regulations." Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 (3d Cir. 1998) (citing 44 C.F.R. §§ 59.1-77.2). The NFIP essentially "guarantees and subsidizes flood insurance." Brusco v. Harleysville Ins. Co., No. 14-914, 2014 WL 2916716, at *1 (D.N.J. June 26, 2014). Congress created the NFIP "to limit the damage caused by flood disasters through prevention and protective measures, spread the risk of flood

damage among many private insurers and the federal government, and make flood insurance 'available on reasonable terms and conditions' to those in need of it." Van Holt, 163 F.3d at 165. The NFIP is currently operated by FEMA, and "the United States treasury funds pay off the insureds' claims." Id. (citations omitted).

Through the NFIP, an insured is issued a Standard Flood Insurance Policy (hereafter, "SFIP"), which is codified at 44 C.F.R. Pt. 61, App. A (2009). According to the allegations in the complaint, Plaintiff purchased an SFIP, policy number 3000217760, for his residential property located at 38 Seaview Harbor, Longport, New Jersey. (Compl. ¶ 6.) Defendant issued the policy in accordance with the NFIP. (Id.) Plaintiff avers that he paid "all related premiums in a timely fashion." (Id. ¶ 7.) On October 29, 2012, within the policy period, Superstorm Sandy struck Longport, New Jersey, purportedly causing catastrophic damage to the covered property. (Id. ¶¶ 6, 7.) Plaintiff made a claim for damage to the insured property, but Defendants allegedly "improperly adjusted and otherwise mishandled Plaintiff's claim" insofar as Plaintiff has not received proper payment for the alleged extensive damages caused by Superstorm Sandy. (Id. ¶¶ 7, 11.)

On March 7, 2014, Plaintiff filed the instant civil action for breach of contract under New Jersey law and the NFIA.

5

(Compl. ¶¶ 11-19.)  Defendants seek dismissal of these claims on two grounds.  First, Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff failed to submit a proof of loss, which is purportedly a prerequisite to filing suit under the NFIA.  Alternatively, Defendants assert that summary judgment should be granted on Plaintiff's claims because the subject property did not "flood" as defined by the SFIP.

### III. STANDARDS FOR DISMISSAL

#### A.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction implicates Federal Rule of Civil Procedure 12(b)(1).  The standard to be applied when deciding a motion under Rule 12(b)(1) depends on the nature of the motion.

Where a party argues that the complaint on its face is insufficient to invoke the Court's subject matter jurisdiction, such as a claim that the complaint fails to present a federal question or fails to demonstrate diversity of citizenship, then the Court applies the same standard as utilized in deciding a motion under Rule 12(b)(6), which is discussed below. Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 889-92 (3d Cir. 1977)).  The plaintiff has the benefit of procedural safeguards, because the court must consider the

allegations of the complaint as true. <u>CNA v. United States</u>, 535 F.3d 132, 140 (3d Cir. 2008).

If a party argues that the court lacks subject matter jurisdiction because of the facts of the case, the Court may consider evidence outside of the pleadings. <u>Constitution Party</u>, 757 F.3d at 358. "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Mortensen</u>, 549 F.2d at 891. In cases challenging the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proof that jurisdiction exists. <u>Id.</u>

**B.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005); <u>see also</u> <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff). A pleading is sufficient if it contains "a short and plain statement of the

7

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937). Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).

"[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus:

8

'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record.  Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

    **C.  Standard for Summary Judgment Pursuant to Fed. R. Civ. P. 56**

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to

9

interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(citing Anderson, 477 U.S. at 255, 106 S. Ct. 2505).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S. Ct. 2548 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions,

10

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing Celotex, 477 U.S. at 325, 106 S. Ct. 2548).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324, 106 S. Ct. 2548.  A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'"  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322, 106 S. Ct. 2548).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving

11

party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257, 106 S. Ct. 2505.

IV. **ANALYSIS**

    **A. Motion to Dismiss for Failure to Submit Proof of Loss[3]**

Defendants argue that Plaintiff's failure to submit a proof of loss was not just merely a pleading deficiency, but was rather a failure in fact to satisfy a jurisdictional prerequisite. Defendants therefore contend that their challenge is a factual attack under Rule 12(b)(1). (Br. in Supp. of Def.'s Mot. to Dismiss or, in the alternative, for Summ. J. (hereafter, "Def.'s Br.") 7.)

The Court finds that the failure to submit a proof of loss is not a jurisdictional issue. In Reeves v. Guiffrida, the

---

[3] For reasons discussed infra, the Court grants Defendants' alternative request that summary judgment be entered in Defendants' favor because there is no evidence that the subject property flooded as defined by the SFIP. The Court nonetheless first addresses Defendants' argument concerning Plaintiff's failure to submit a proof of loss because that argument purportedly raises a challenge to the Court's subject matter jurisdiction. The Court must be assured that it has subject matter jurisdiction before reaching the merits of the underlying dispute. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)).

United States Court of Appeals for the Fifth Circuit concluded that the failure to submit a proof of loss is "inseparable from the merits of the legal issue, that is, whether failure to file the proof of loss precludes recovery on the policy."  Reeves v. Guiffrida, 756 F.2d 1141, 1143 (5th Cir. 1985).  The Fifth Circuit then noted that the plaintiff's claim had been disallowed by FEMA, that the plaintiff had filed suit within the one-year statute of limitations provided by the NFIA, 42 U.S.C. § 4072, and that the district court therefore had jurisdiction over the action.  Id.  The Fifth Circuit concluded that the district court's dismissal of the action for failure to submit a proof of loss was a dismissal under Federal Rule of Civil Procedure 12(b)(6).  Id.

Several courts have followed Reeves in evaluating motions to dismiss based upon a plaintiff's failure to submit a proof of loss, and have held that such motions should be evaluated under Rule 12(b)(6) or as a motion for summary judgment under Federal Rule of Civil Procedure 56 rather than under Rule 12(b)(1). See, e.g., Petersen v. Nat'l Flood Ins. Program, 200 F. Supp. 2d 499, 504 (E.D. Pa. 2002) (applying Reeves and considering FEMA's motion to dismiss under Rule 56); Burns v. Fed. Emergency Mgmt. Agency, 84 F. Supp. 2d 839, 843 (S.D. Tex. 2000) (denying FEMA's motion to dismiss under Rule 12(b)(1) and considering motion under Rules 12(b)(6) and 56; LaSalle Nat'l Bank v. Fed.

13

Emergency Mgmt. Agent, No. 84 C 9066, 1985 WL 2081, at *2 (N.D. Ill. July 26, 1985)(same); but see Exim Mortg. Banking Corp v. Witt, 16 F. Supp. 2d 174, 177 (D. Conn. 1998) ("The failure in this case to comply with the terms of the insurance policy term does define the boundaries of this court's jurisdiction for such failure means the government has not consented to be sued. . . . The failure to file a completed proof of loss means first and foremost that the sovereign has not waived its immunity from suit.")(emphasis in original).

Absent binding authority from our Court of Appeals,[4] this Court will adopt the reasoning of Reeves and those courts which have followed it.  Accordingly, Defendants' motion to dismiss based upon Plaintiff's alleged failure to submit a proof of loss

---

[4] The Court notes that the Third Circuit, in a recent unpublished decision, stated that the district court did not err when it dismissed the plaintiff's complaint pursuant to Rule 12(b)(1) based upon the plaintiff's failure to submit a valid proof of loss.  Admiralty Condo. Ass'n, Inc. v. Dir., Fed. Emergency Mgmt. Agency, No. 14-1157, 2014 WL 6480287, at *3 (3d Cir. Nov. 20, 2014).  However, an unpublished opinion by the Third Circuit is not precedential, and this Court therefore is not bound by the Admiralty Condo decision.  Moreover, in reaching its decision, the Third Circuit cited without discussion CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008), a case that did not involve claims against FEMA under the NFIA.  Rather, in CNA, the Third Circuit conducted an extensive analysis of whether a plaintiff's failure to satisfy a condition precedent to bringing suit under the Federal Tort Claims Act warranted dismissal under Rule 12(b)(1) rather than Rule 12(b)(6).  CNA therefore does not bind this Court's decision on whether fulfillment of a condition precedent to suit under the NFIA is an inquiry under Rule 12(b)(1) or Rule 12(b)(6).

14

should be evaluated under Federal Rule of Civil Procedure 12(b)(6) or as a motion for summary judgment under Federal Rule of Civil Procedure 56, rather than under Rule 12(b)(1).  To the extent Defendants seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, their motion is therefore denied.

Under Rule 12(b)(6), as set forth above, the Court must accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho, 423 F.3d at 350; Phillips, 515 F.3d at 228.  The complaint alleges that "[a]ll conditions precedent to recovery by Plaintiff have been met or have occurred."  (Compl. ¶ 9.)  Submission of a proof of loss is a condition precedent to bringing suit under the insurance policy at issue in this case.  See 44 C.F.R. Pt. 61, App. A(1), Section VII(J)(4) ("In case of a flood loss to insured property, you must . . . send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you[.]"); Section VII(R) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.").  In evaluating Defendants' motion under Rule 12(b)(6), therefore, the Court accepts as true that Plaintiff submitted a proof of loss as required under the SFIP.

Defendants ask the Court to rely upon evidence outside of the pleadings in finding that Plaintiff failed to submit a proof

15

of loss. In particular, the Court notes that Defendants submit the Declaration of Russell M. Tinsley, an Insurance Program Specialist in the Federal Insurance and Mitigation Administration, FEMA, Department of Homeland Security. In the Declaration, Mr. Tinsley states that as of May 28, 2014, the claims file did not contain any evidence that a proof of loss had been submitted by Plaintiff. (Decl. of Russell M. Tinsley ¶ 8.) When a party presents matters outside of the pleadings on a motion to dismiss under Rule 12, the Court may treat such motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). If the Court converts a motion to dismiss to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

The Court could consider Defendants' request for dismissal based upon Plaintiff's failure to submit a proof of loss as a motion for summary judgment under Rule 56 and provide the parties an additional opportunity to present materials extraneous to the pleadings in accordance with the procedures set forth in Rule 56. However, because the Court finds for the reasons discussed below that summary judgment may be entered on an alternative ground, the Court at this time will not convert

Defendant's motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[5]

B.  **Motion for Summary Judgment**

In Count II of the complaint Plaintiff brings a claim under the NFIA, alleging that FEMA breached its contract with Plaintiff by refusing to pay the "the actual damages from the direct physical losses that were covered . . . for the full amount of flood damages sustained to the Property." (Compl. ¶ 17.) Defendants contend that judgment should be entered on their behalf because the undisputed facts demonstrate that Plaintiff's property did not "flood" as defined by the SFIP. (Def.'s Br. 10-11.) In support, Defendants state that Luis Santiago, an independent adjuster with Continental Claims Corporation, completed his report after inspecting Plaintiff's property. (Statement of Facts Not in Dispute Pursuant to L. Civ. R. 56.1 ¶ 5.)[6] According to the report, "Plaintiff

---

[5] The Court will, however, sua sponte dismiss Plaintiff's state-law claim for breach of contract, set forth in Count I of the complaint. The Court notes that the United States District Court for the District of New Jersey has adopted Hurricane Sandy Case Management Order No. 1. This Case Management Order governs all Hurricane Sandy cases involving direct claims against FEMA pursuant to the NFIA. (Standing Order No. 14-2, Ex. A.) The Case Management Order expressly provides that all state-law claims are to be dismissed from any direct suit, citing C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 268 (3d Cir. 2004).

[6] As noted above, Defendants cite the Declaration of Russell Tinsley in support of their motion. Although the Declaration

17

'acknowledged there was no water intrusion to the risk, crawl space, or garage caused by flood waters.'" (Id.)  The adjuster's report noted that there was "no evidence of flood damage" and recommended that the file be closed.  (Id.) Plaintiff agreed with the independent adjuster's report at that time.  (Id.)

The SFIP provides in Article IV that FEMA will insure against "direct physical loss by or from [a] flood[.]"  See 44 C.F.R. Pt. 61, App. A(1), Section IV(A).  Section II of the policy, which is the definitional section, defines "flood" as follows:

> A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:
>
>     a.  Overflow of inland or tidal waters,
>
>     b.  Unusual and rapid accumulation or runoff of surface waters from any source,
>
>     c.  Mudflow.

44 C.F.R. Pt. 61, App. A(1), Section IV(A)(1).  Additionally, this section defines "direct physical loss by or from flood" as

---

refers to various exhibits, no exhibits were included with Defendants' filing.  This is not fatal to Defendants' motion for summary judgment, however, as both the Rule 56.1 Statement of Undisputed Material Facts and the Declaration itself establish the relevant material facts.

"[l]oss or damage to insured property, directly caused by a flood" and states that "[t]here must be evidence of physical changes to the property." Id., Section IV(A)(12).  Given these definitions, it is clear that in order for damage to be covered, there must be (1) an inundation of the insured's property of water or mudflow, (2) damage or loss, and (3) a causal connection between the damage and the flood.

Here, Defendants submit that the independent adjuster's report indicated that "there was no water intrusion to the risk, crawl space, or garage caused by flood waters," and Plaintiff agreed with the adjuster's report, which indicated that there was no evidence of flood damage.  Plaintiff has not responded to Defendants' motion, and these facts are therefore deemed undisputed.  See L. Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement[.] . . . [A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").  Despite the allegations in the complaint, Plaintiff has provided no evidence that the insured property was inundated with water or mud or suffered damage as a result thereof.

Accordingly, the Court finds that there is no genuine dispute of fact concerning Plaintiff's claim for breach of the SFIP.  The SFIP provides coverage only when an insured property

19

is inundated with water or mudflow and is damaged as a direct result thereof.  Defendants have provided uncontroverted evidence that the insured property was not inundated with water or mud, and did not suffer flood damage, and moreover that Plaintiff agreed with these findings.  In light of these undisputed facts, Plaintiff cannot make out a claim for breach of the SFIP in this case.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' motion shall be denied insofar as Defendants seek dismissal of this matter for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants' motion for summary judgment shall be granted with respect to Count II of the complaint asserting a claim under the SFIP.  The Court shall <u>sua sponte</u> dismiss with prejudice the state-law breach of contract claim set forth in Count I of the complaint.

An Order shall be entered consistent with this Opinion.

                                    s/ Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.
Dated: January 21, 2015

At Camden, New Jersey

20